IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SAMMY LEE WILLIAMS,<br><br>*Petitioner*,<br><br>v.<br><br>STATE OF GEORGIA PEACH COUNTY,<br><br>*Respondent.* | CIVIL ACTION NO.<br>5:21-cv-00263-TES-CHW |

**ORDER**

*Pro se* Petitioner Sammy L. Williams, an inmate currently confined in the Peach County Jail in Fort Valley, Georgia, has filed a federal petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2241. [Doc. 1]. On August 27, 2021, Petitioner was ordered to either pay the required $5.00 filing fee or file a motion for leave to proceed *in forma pauperis* in this action. Petitioner was given 21 days to comply, and he was advised that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition. *See generally* [Doc. 3].

The time for compliance passed without a response from Petitioner. Accordingly, Petitioner was ordered to respond and show cause why his Petition should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was again given 21 days to respond, and he was again warned that the failure to fully and

timely comply with the Court's orders could result in the dismissal of his Petition. *See generally* [Doc. 4].

The time for compliance has again passed without a response from Petitioner. Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's Petition is therefore **DISMISSED without prejudice**.

To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *See also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for

Petitioner's repeated failure to comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of a COA before movant filed a notice of appeal).

    **SO ORDERED**, this 15th day of November, 2021.

                                                  S/Tilman E. Self, III
                                                  **TILMAN E. SELF, III, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**